

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:16-CR-19** |
| | § | |
| **LAURIE LEE REVIS** | § | |

**REPORT AND RECOMMENDATION ON THE UNITED STATES'
MOTION TO STRIKE THIRD PARTY PETITION OF JOSEPH AND MARIA LEE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, by order of the District Court, this matter was referred to the undersigned magistrate judge for a hearing and the submission of findings of fact and a report and recommendation on the *United States' Motion to Strike Third Party Petition of Joseph and Maria Lee* [Clerk's doc. #203] and *pro se* claimants' Joseph Lee's and Maria Lee's claim for seized assets [Clerk's doc. #201].

On July 6, 2016, Laurie Lee Revis pled guilty to Count 1 of an Information which charged her with maintaining a premises for the use and distribution of methamphetamine, in violation of 21 U.S.C. § 856(a)(1). In the plea agreement, she agreed to forfeit to the United States all right, title, and interest to real property located at 3310 Pineridge, Orange, Texas, further described as Lot

Number Thirteen (13), Block Number Five (5), of Pinemont Subdivision, Section One (1), in the City of Orange, Texas.

On July 18, 2016, Chief United States District Judge Ron Clark entered a *Preliminary Order of Forfeiture* [Clerk's doc. #193]. On August 8, 2016, Maria L. Lee and Joseph H.A. Lee (Petitioners) filed their *Pro Se Claim for Seized Assets*, apparently alleging an interest in the property. [Clerk's doc. #201]. In response, the Government filed its *United States' Motion to Strike Third Party Petition* [Clerk's doc. #203], alleging that Petitioners' written claim was improper because it failed to set forth the nature of the interest claimed as required by 21 U.S.C. § 853(n)(3) which states the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title or interest in the property, [and] any additional facts supporting the petitioner's claim. and the relief sought." The Government further noted that it had performed a title search on the property and did not discover any interest of the petitioners in the subject property.

The Court set the matter for a hearing on October 11, 2016 and sent notice to the Claimants/Petitioners by certified mail. The record reflects that Maria Lee received the notice on September 24, 2016. However, neither petitioner appeared at the hearing.

The Government is correct that 21 U.S.C. § 853(n)(3) requires a petitioner to set forth the nature and extent of petitioner's right, title and interest in the property, which Petitioners did not do. Further, Petitioners did not file a response to the Government's motion, not did they appear at the hearing to contest the Government's motion to strike.

Therefore, premises considered, this court recommends that *United States' Motion to Strike Third Party Petition of Joseph and Maria Lee* [Clerk's doc. #203] be **GRANTED** and that the *Pro*

*Se* Claim for Seized Assets [Clerk's doc. #201] be **STRICKEN** from the docket for the reasons stated herein.

The Clerk is **directed** to mail a copy of this report via certified mail, return receipt requested to the *pro se* Claimants/Petitioners at the following address as listed in their claim:

15940 Oak Avenue, #1525

Temple City, California 91780

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 12th day of October, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE